UNITED STATES DISTRICT COURT

Middle District of North Carolina

| | | |
|---|---|---|
| LARRY LAMONT COLLINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:06CV36 |
| v. | ) | 1:00CR50 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

O-R-D-E-R

On January 13, 2006, in accordance with 28 U.S.C. § 636(b), the Recommendation of the United States Magistrate Judge was filed and notice was served on the parties in this action and a copy was given to the court.

Within the time limitation set forth in the statute, Petitioner objected to the Recommendation.[1]

---

[1] Petitioner's objection to the Recommendation, in part, seeks an order allowing yet additional time to prepare further objection. In addition, the court notes that Petitioner has filed a separate motion for "enlargement of time" (docket no. 4). In his objection, Petitioner argues that the recent Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005) is retroactive and therefore applicable to his criminal case. Unfortunately for Petitioner, the Fourth Circuit has recently held that *Booker* was a "new rule" of criminal procedure under *Teague v. Lane*, 489 U.S. 288 (1989), but was not a "watershed rule," and therefore "is not available for post-conviction relief for federal prisoners . . . whose convictions became final before *Booker* (or *Blakely* [*v. Washington*, 542 U.S. 296 (2004)]) was decided." *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005). Accordingly, because *Booker* is not retroactively applicable to cases on collateral review, it does not extend to Petitioner's section 2255 motion. For this reason, to the extent that Petitioner's objection should be construed as a motion for an extension of time, it is DENIED; and the separate motion for "enlargement of time" (docket no. 4) is DENIED.

The court has appropriately reviewed the portions of the Magistrate Judge's report to which objection was made and has made a de novo determination which is in accord with the Magistrate Judge's report. The court hereby adopts the Magistrate Judge's Recommendation.

IT IS HEREBY ORDERED that Petitioner's Rule 60(b) motion (docket no.1) be construed as a second or successive Section 2255 action and that this action be DISMISSED for failure to obtain certification from the Fourth Circuit as required by 28 U.S.C §§ 2244 and 2255 and Fourth Circuit Local Rule 22(d). A judgment dismissing this action will be entered contemporaneously with this Order.

This the day of March 6, 2006

    /s/ N. Carlton Tilley, Jr.
United States District Judge